IT IS ORDERED

Date Entered on Docket: October 27, 2022



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In Re:<br><br>Matthew Thomas Beck<br>and Kyra Marie Beck,<br><br><br>       Debtors. | Case No. 19-12357-t13<br>Chapter: 13 |

**STIPULATED ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY AND TO ABANDON PROPERTY AS TO 1151 N. LAGUNA AVE., FARMINGTON, NEW MEXICO 87401**

  **THIS MATTER** came before the Court on the Motion for Relief from Stay ("Motion") filed by Idaho Housing and Finance Association, its successors and/or assigns ("Creditor") on January 29, 2021 (Docket No.: 40) on the Debtors' real property described as 1151 N. Laguna Ave., Farmington, New Mexico 87401 (the "Property"). Creditor, by its undersigned counsel,

1

Matthew Thomas Beck and Kyra Marie Beck ("Debtors"), by and through their attorneys, Gerald R. Velarde (the "Parties") have reached an agreement to resolve Creditor's Motion. Based upon the agreement and good cause appearing.

**IT IS HEREBY AGREED AND ORDERED THAT**

1. **Automatic Stay**. The automatic stay provided by 11 U.S.C. §362 shall remain in effect, except as provided in the paragraphs below.

2. **Regular Monthly Payments**. The Debtors must deliver regular monthly payments in the amount of $1,169.00 commencing November 1, 2022, and any subsequent Notices of Mortgage Payment Change, if applicable. The Parties acknowledged and agreed that the monthly payment amount may change in the future.

3. **Additional Payments**. In addition to the payments required by paragraph 2, above, the Debtors shall cure their post-petition arrearage, calculated as follows:

| Months | Payment Amount |
|---|---|
| 11/01/2020 – 10/1/2021 (12 months) @ $1,150.00 each | $13,800.00 |
| 11/1/2021 – 10/1/2022 (12 months) @$1,169.00 each | $14,028.00 |
| Attorney fees and costs | $1,806.13 |
| Less Suspense Payment | -$49.95 |
| TOTAL post-petition arrears: | **$29,584.18** |

The total arrears shall be paid as follows:

| Number of Months | Arrearage Payment | Due Date |
|---|---|---|
| 1 | $3,287.13 | 11/15/2022 |
| 2 | $3,287.13 | 12/15/2022 |
| 3 | $3,287.13 | 01/15/2023 |
| 4 | $3,287.13 | 02/15/2023 |
| 5 | $3,287.13 | 03/15/2023 |

| | | |
|---|---|---|
| 6 | $3,287.13 | 04/15/2023 |
| 7 | $3,287.13 | 05/15/2023 |
| 8 | $3,287.13 | 06/15/2023 |
| 9 | $3,287.14 | 07/15/2023 |

All such payments shall be mailed directly to the Creditor at the following address at:

**Full account numbers must be included on the payment(s)**
Idaho Housing and Finance Association
P.O. Box 7899
Boise, ID 83707

4. <u>Effect of Nonsufficient Funds</u>. Any check tendered to the Creditor by the Debtors that is returned due to nonsufficient funds, in the account upon which it is drawn, shall not constitute a payment required by the terms of this Order.

5. <u>Default</u>. In the event the Creditor does not receive the payments required by this Order on the dates set forth in paragraph 2 with any grace period allowed, or paragraph 3 on the date set forth by 5:00 p.m., Creditor shall send written notice of the default ("Default Notice") to the Debtors and Debtors' counsel and allow the Debtors ten (10) days from the date the written notice is mailed to cure the delinquent payment or payments. In the event the Debtors fail to cure the delinquent payment or payments within the ten (10) day period, and, in the event the Debtors become delinquent after two (2) notices of default, Creditor shall file a declaration of default and ex parte order for relief from the automatic stay. Creditor shall be entitled to recover and add to the loan, attorney fees incurred in the preparation of a notice of default, declaration of default and/or order terminating the automatic stay pursuant to the terms of this order, which the Court may grant without further notice or hearing.

6. In the event that the automatic stay of 11 U.S.C. §362(a) is terminated under the

Case 19-12357-t13    Doc 67    Filed 10/27/22    Entered 10/27/22 16:18:38 Page 3 of 5

provisions of this Order as to the Creditor, its successors and assigns as to the property identified as 1151 N. Laguna Ave., Farmington, New Mexico 87401, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim. The Creditor is authorized to exercise any other right or remedy available to them under law.

7. Creditor and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Any such agreement shall be nonrecourse unless included in a reaffirmation agreement. Creditor may contact the Debtors via telephone or written correspondence to offer such an agreement.

8. Upon entry of this Order, the Motion's final hearing to be held on November 8, 2022 at 01:30 pm be taken off Court's calendar for that date and time.

### END OF ORDER ###

Submitted by:

IDEA Law Group, LLC

*/s/ Stephanie Schaeffer*
Stephanie Schaeffer
2501 San Pedro Drive NE, Bldg. A, Suite 102
Albuquerque, NM 87110
Toll Free: 877-353-2146 ext. 1016
Email: sschaeffer@idealawgroupllc.com
Attorney for Creditor

**IT IS SO AGREED AND APPROVED BY:**

4

| /s/ Gerald R. Velarde  (by permission) | /s/ Tiffany M. Cornejo (by permission) |
|---|---|
| Gerald R. Velarde | Tiffany M. Cornejo |
| The Law Office of Gerald R. Velarde | 625 Silver Avenue SW |
| PO Box 11055 | Suite 350 |
| Albuquerque, NM 87192 | Albuquerque, NM 87102-3111 |
| 505-248-1828 | Trustee |
| Email: grvelarde@gmail.com | |
| Attorney for Debtors | |

Copies to:

**Debtors:**
Matthew Thomas Beck
373 N. Fruit Ave.
Fresno, CA 93706

Kyra Marie Beck
5125 9th Street, #102
Fresno, CA 93710